# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WENDY LEE SULDA, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| WINSTON DAN VOGEL, | ) |
| JAVIER SAJNOVSKY AKA | ) |
| "CHAIM" SAJNOVSKY, | ) |
| ALBERT ABRAMOV, | ) |
| DAVID GALAPO, | ) |
| SHIPPINGQUEST.COM, LLC | ) |
| (A DELAWARE LIMITED LIABILITY | ) |
| COMPANY), | ) |
| PRICE BREAK SHIPPING USA, LLC | ) |
| (A DELAWARE LIMITED LIABILITY | ) |
| COMPANY), | ) |
| DRIVE NEW LLC, | ) |
| (A FLORIDA LIMITED LIABILITY | ) |
| COMPANY), | ) |
| TERMINAL LOGISTICS, LLC, | ) |
| (A FLORIDA LIMITED LIABILITY | ) |
| COMPANY). | ) |
| Defendants. | ) |
| _____ | ) |

### MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA AND PERMISSION FOR ELECTRONIC SERVICE

### (ORIT GALAPO)

The Plaintiff and Judgment/Creditor, Wendy Sulda, by and through her undersigned counsel, moves this Honorable Court to hold Orit Galapo in contempt under Fed.R.Civ.P. 45(g) for her refusal to comply with a lawfully issued subpoena and award reasonable costs and attorney's fees associated with her failure to comply with the subpoena. Second, Plaintiff

1

requests for this Court to issue an order compelling the deponent Orit Galapo to appear in person at a deposition in this matter pursuant to a lawfully issued subpoena. Third, Plaintiff respectfully requests for permission to effectuate electronic service pursuant to Fed.R.Civ.P. 4(f)(3) for any and all filings associated with this action. In support of her request, Ms. Sulda states the following:

*Procedural Background*

1.  The facts of the instant case originated when Defendants failed to deliver a shipment as paid for by the Plaintiff and Plaintiff posted several truthful reviews of her experience in an internet forum.[1] *See* Second Amended Complaint and Order for Entry of Final Judgment from *Wendy Lee Sulda v. Winston Dan Vogel et. al*, Case No. 17-cv-2350 (N.D. Ill.) (Jan. 29, 2018) D.E. 31, 91, attached hereto as Exhibit A and B, respectively. In response, the Defendants embarked on a "smear war" wherein the Defendants threatened the Plaintiff that the Defendants would make Plaintiff "infamous" on the internet and to "instruct our IT Dept to go on a global campaign against you." *Id*. The extent of the Defendants' behavior is simply shocking. The Defendants created a webpage in the Plaintiff's legal name, and posted an image of Plaintiff stolen from Plaintiff's social media profiles as well as sexually suggestive photos to convey the overall message that Plaintiff worked in the sex trade. Exh. A and B. The Plaintiff, a hard-working career educator of special needs children, suffered serious damages and filed the instant suit based on a violation of 15 U.S.C. §1125 (Trademark Infringement/Lanham Act). D.E. 31.

2.  On November 3, 2017, a default judgment was entered for Plaintiff. D.E. 70.

---

[1] The facts provided herein are provided in both the Second Amended Complaint, D.E. 31, and adopted in the Court's order for entry of final judgment. D.E. 91.

3. Following the entry of default judgment, Defendants retained counsel to set aside the default. D.E. 87. The Court denied the Defendants' request. D.E. 91. The Court entered judgment against Defendants Shippingquest.com, LLC, Price Break Shipping USA, LLC, Winston Dan Vogel, Albert Abramov, Javier Sajnovsky in the amount of $100,00, including $50,000 in punitive damages, as well as litigation costs and attorneys' fees. D.E. 92. The Court also entered a permanent injunction against Defendants. *Id.*

***Background Facts Following Entry of Final Judgment***

4. Since the entry of judgment, Plaintiff has engaged in post-judgment discovery in an effort to collect the outstanding judgment. As part of the post-judgment discovery, Plaintiff discovered seemingly fraudulent transfers from Judgment Debtor Vogel to avoid judgment. D.E. 120, 159, 190. The companies Drive New LLC and Terminal Logistics LLC were discovered to be associated through membership and/or ownership by David Galapo.[2] D.E. 120, 159, 190. Plaintiff moved to set aside the apparent fraudulent transfers. D.E. 120, 159, 190. In addition, it appeared that the apparent alter egos and successors extended to David and Orit Galapo's father, Shimon Galapo. D.E. 120, 159, 190.

5. On January 8, 2019, Plaintiff moved in the Southern District of Florida to enforce a subpoena against non-parties David Galapo and Terminal Logistics, LLC in *Wendy Lee Sulda v. Winston Dan Vogel, et al.*, Case No.: 18-mc-63100-BLOOM/Valle. D.E. 1. In response, this Court entered an order finding David Galapo and Terminal Logistics, LLC in contempt for failure to obey Plaintiff's subpoena for production of documents and imposed a fine of $200.00 per day until they complied with the subpoena. D.E. 7.

---

[2] At the time of the facts surrounding the contempt, Mr. Galapo had been adjudicated and was serving the supervision part of his split sentence. for five charges, including burglary and grand theft. *See State v. David Galapo, Case No.* 50-2014-CF-013150-AXXX-MB (Palm Beach Co., Fla., Dec. 20, 2018).

3

6. On October 19, 2019, Plaintiff moved to join nonparties Shimon Galapo and companies associated with him. D.E. 109. The Court ultimately denied the motion but granted sanctions against Shimon Galapo "to pay plaintiff's reasonable expenses, including attorney's fees, caused by his failure to appear for his deposition." D.E. 265. Specifically, the Court held that "Shimon dragged things out and refused to appear for his deposition." D.E. 265 at 3.

7. Additional proceedings before this Court notably reflect how contentious any discovery has been between parties. Twice throughout this proceeding the Court ordered for defense counsel to present evidence showing who, in fact, retained defense counsel and how defense counsel was paid. D.E. 185, 209. In addition, the Court has set aside a fraudulent transfer by Defendants for the purpose of evading judgment. D.E. 230.

***Facts as to the Instant Motion for Contempt (Orit Galapo)***

8. On May 30, 2022, Orit Galapo was personally served for her appearance at a deposition on June 24, 2022 at 9 a.m. *See* Affidavit of Service, attached hereto as composite Exh. "C." Notably, Ms. Galapo "got hostile" with the process server and "wouldn't take the documents by hand." *See id.*

9. On June 8, 2022, Ms. Galapo sent an email to the undersigned advising that she will be "traveling all summer" and offered to appear via Zoom. *See* email, attached hereto as Exh. D.

10. On June 13, 2022, the undersigned responded that she anticipated the deposition to proceed as scheduled. *See* email dated June 13, 2022 and attached letter, attached hereto as composite Exh. E.

11. On June 16, 2022, deponent emailed a Motion for Protective order titled as "Protective Order" to the undersigned. *See* email dated June 16, 2022, attached hereto as Exh. F.

12. On the morning of June 23, 2022, the undersigned emailed Ms. Galapo to confirm the deposition for the following day. *See* email, attached hereto as Exh. G.

13. At approximately 4:00 p.m., June 23, 2022, Ms. Galapo filed the Motion for Protective Order on the docket of the underlying case in the Northern District of Illinois. D.E. 307.

14. On the day of the deposition, Ms. Galapo failed to appear. *See* Certified Non-Appearance, filed hereto as Exh. H.

15. On the day of the deposition, at 9:21 a.m., Judge Manish H. Shah of the Northern District of Illinois entered a minute order granting in part Ms. Galapo's Motion for Protective Order relieving her from the appearance at deposition and stating that the Court would not be likely to grant a motion to compel personal appearance. D.E. 308.[3] Plaintiff filed a Motion for Reconsideration, which was granted by a minute order on July 7, 2022 stating: "[T]he court's order granting in part, denying in part the deponent's motion for a protective order is vacated. The court agrees with plaintiff that the motion for a protective order relating to an out-of-district subpoena was not properly before this court." D.E. 313.

16. Since the day of deposition, Plaintiff has twice attempted to confer with Ms. Galapo regarding the resetting of her deposition upon her return and Plaintiff has indicated her willingness to consider moving the location for Ms. Galapo's convenience. *See* email, attached hereto as Exh. I. However, Ms. Galapo has failed to respond to any of these requests.

17. Throughout the pendency of this case, the email address associated with Orit Galapo ("oritgalapo@yahoo.com") has been used to communicate directly with Orit Galapo.

---

[3] Due to the timing, Plaintiff did not have an opportunity to file a responsive pleading or state the reasons why Plaintiff sought for an in person deposition.

## MEMORANDUM OF LAW

Upon first blush, Ms. Galapo may appear to be just another unassuming witness yanked into someone else's legal matter. However, the instant case has a painful procedural history with a pattern of the Defendants and members of the Galapo family demonstrating blatant contempt for the legal process. In fact, two members of Ms. Galapo's family have already been either held in contempt or sanctioned during the pendency of this case.

Furthermore, Orit Galapo has been aware or has had notice of the original proceeding from early in the case. Notably, her email oritgalapo@yahoo.com was associated with the IP address that sent the tortious emails originating this case, and she was served with documents as early as September 20, 2017 in this case. D.E. 62. In the original proceeding, the Court permitted electronic service of process. D.E. 58 ("The motion [for electronic service] is granted insofar as it seeks permission to serve defendants via email.").

In *Sulda v. Shippingquest.com, LLC, et al.*, Case No.: 18-mc-63100-BLOOM/Valle, D.E. 7, the district court held Ms. Galapo's brother, David Galapo in contempt and in Case No. 17-cv-2350, D.E. 265, the district court sanctioned her father, Shimon Galapo for failing to appear at a scheduled deposition. Plaintiff respectfully and carefully submits to this Court that Ms. Galapo's behavior has demonstrated an effort to wrongfully defy a lawful subpoena similar to that of the other Galapo family members. Plaintiff believes it is necessary to obtain the authority of this Court to hold Ms. Galapo in contempt, sanction her for costs and attorney's fees, and to compel Ms. Galapo's in person appearance at a future deposition with the additional sanction of incarceration should she not comply.

Rule 45(g), Fed.R.Civ.P., requires:

> The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Courts interpreting this rule have held that a party may obtain discovery from a non-party "through the issuance and service of a subpoena" under Rule 45 and "a properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena." *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 U.S. Dist. LEXIS 59173, at *8 (M.D. Fla. Aug. 4, 2008). "One who fails to obey a properly issued and served subpoena without adequate excuse may be found in contempt of court." *Id.* "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause" pursuant to Rule 45(g). *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012).

The record of contempt for the legal process by persons associated with this case transcends even the pained history recited above. On September 25, 2018, this case came before the Court for a hearing on Plaintiff's Motion to Compel the Production of Documents and Motion for Extension of Time to Complete Discovery as the result of Defendants' refusal to participate in the discovery process. D.E. 147, 149. At that time, Defendants' counsel advised that their clients had refused to assist in discovery.[4] D.E. 186 at 2. Ultimately, the Court found:

---

[4] THE COURT: Good morning. When we last met, Mr. Fritzshall said that he wasn't getting cooperation from his clients. Has anything changed in that regard?

MS. FRITZSHALL: Nothing has changed, Your Honor. We did provide on, I believe, September 9th everything that we were able to get, along with formal responses to the requests for Mr. Vogel, and it -- the problem remains the same. It's just we can't --

THE COURT: The clients are not communicating with you, is that correct?

> that the individual defendants have failed to cooperate with their counsel, and as a sanction for their failure to cooperate, I am denying the Rule 60 motion that they filed . . . I authorized discovery, and I ordered the defendants to cooperate in that. It was in their interests to do so, but they have since refused.

*See* Transcript of September 25, 2018, attached hereto as Exh. J*,* at 2-3; s*ee also* D.E. 147 (Motion for Extension of Time to Complete Discovery), D.E. 149 (Motion to Compel), D.E. 157 (Minute Entry).

Upon the Defendants' request for reconsideration, the Court stated:

> The specific requests to admit - - requests to produce, whether they received notice of them or not is a slight different issue than their <u>overarching abject failure to cooperate in the process</u>, so I am not changing my mind (emphasis added).

*Id*. at 7-8.

At a hearing on January 19, 2019, the Court heard Plaintiff's Motion to Compel the Production (D.E. 201) of documents from Defendants' attorneys of material regarding who and how Defendants retained their attorneys. At that time, the Court also reviewed a Motion to Withdraw as Attorney, submitted by the second in a series of attorneys to appear and then withdraw. D.E. 196. Ultimately, the Court reflected:

> I understand the plaintiff's frustration with attorneys coming in the case and then trying to withdraw from the case and not communicating about who their clients are and where the money to hire lawyers is coming from, because all of that is important information in aid of executing the judgment, but it's also the case that attorneys are not required to work for clients that are not willing to communicate with them. And these clients, in particular, have a track record of not being cooperative with their own counsel, and I am not going to require counsel to stay in a case where clients are not cooperative.
>
> So the motion to withdraw is granted. The motion to compel is also granted in part.

---

MS. FRITZSHALL: Right.

D.E. 186 at 2.

8

> I am going to require you, Mr. Sullivan, to identify -- provide any records to plaintiff's counsel that identify the individuals and entities that hired you, as well as any documents that identify the methods and means of any payment that was made to you.

*See* Transcript of January 19, 2019 hearing, attached hereto as Exh. K at 4-5. *See also* D.E. 201 (Motion to Compel), 209 [5] (Minute Entry of Hearing).

In the instant case, the entirety of Ms. Galapo's behavior is on par with the obstructing behavior demonstrated from David Galapo and Shimon Galapo. Notably, Ms. Galapo has vaguely advised that she will be traveling for months on end, refused to appear in person to a deposition, been hostile toward personal service, and refused to coordinate the scheduling of her next deposition. Her last minute filing of a Motion for Protective order, and her email to Plaintiff's counsel demonstrate clear contempt. In addition, Ms. Galapo's refusal to respond to Plaintiff's suggestion of openness to hold the deposition at a place convenient for her speaks to Ms. Galapo's intention to obstruct the proceeding altogether. It is reasonable under the unusual circumstances of this case to believe that Ms. Galapo will not make herself available for a future deposition or accept service without this Court's enforcement.

***The Court Should Compel In Person Appearance and Award Plaintiff Costs and Attorney Fees***

On June 24, 2022, Ms. Galapo emailed Plaintiff's counsel:

> FORD!
> Glad that Honorable Judge Shah cleared your misguided thoughts and plans.
> My prior correspondence presents my continued position regarding any zoom-appearance and my intention will always be to adhere to the law.
> If you want a ZOOM, I'll be happy to provide my deposition. Schedule a date that works for both of us. Do not randomly select a date because it may not work.
> Thank you and have a wonderful weekend.

---

[5] "Plaintiff's motion to compel 201 is granted in part. Sean Sullivan shall identify and provide plaintiff's counsel with any records that identify the individuals and entities that hired him and his firm, as well as any documents that identify the methods and means of any payment that was made."

9

OG

*See* e-mail, attached as Exh. L.

This Court must compel an in person appearance for Ms. Galapo's deposition. The underlying allegations to the Complaint reflect a business and personalities of persons with contempt for the legal process. The underlying allegations in Plaintiff's motions for contempt also reflect businesses and personalities of persons with contempt for the legal process. Plaintiff is wary of conducting a deposition with this deponent over video conferencing because the deponent may have access to secretly confer with other individuals who may be off camera, available via text messaging, or on a separate video-conferencing. While this is not generally a concern in the run-of-the-mill case, it is a valid concern in a case where the deponent has demonstrated contempt for the proceedings and the case history shows persistent attempts at deception.

Given Ms. Galapo's failure to respond to Plaintiff's e-mails requesting to coordinate the next deposition, it is reasonable to conclude that Ms. Galapo has no intention of cooperating with a subpoena to appear for deposition. To encourage a resolution to this matter and permit the Plaintiff to move forward expeditiously, this Court should order that should Ms. Galapo fail to appear for her next deposition, an arrest warrant shall be issued without further proceedings. *Mesa v. Luis Garcia Land Serv., Co.*, 218 F. Supp. 3d 1375, 1379-81 (S.D. Fla. 2016). Finally, to discourage future unnecessarily obstructive behavior, this Court should award Plaintiff her fees and costs for the attorney's time and the costs expended. *See Campos v. Chavam Enterprises Inc.*, 15-14370-CIV-Rosenberg/Maynard at *2-7 (S.D.Fla. Feb. 15, 2021). These sanctions and admonishment will allow Ms. Galapo an opportunity to purge the attempt and also prevent any further delay in moving forward with discovery.

## **CONCLUSION**

As is apparent from the history of the instant case, Orit Galapo's behavior has not been consistent with that of just another poor witness who has been dragged into a deposition. Thus, while the undersigned would normally simply reset a deposition as the standard practice, and do so by video-conference, the instant facts require for judicial intervention to question Orit Galapo's availability, or lack thereof, sanction any less than candid behavior demonstrating contempt and command her in person appearance at a future deposition under the admonishment of incarceration.

Therefore, Plaintiff respectfully request that the Court impose a per diem fine of $200.00 until Ms. Galapo personally appears for her deposition. Plaintiff respectfully requests that this Court compel Orit Galapo to appear for an in person deposition on an agreed upon day and time within the next fifteen days. To ensure compliance, Plaintiff respectfully suggests that the Court set a hearing date for twenty days following entry of its order compelling Ms. Galapo's in person appearance for deposition at which time the Court will issue an order for body attachment should Orit Galapo have failed to purge herself of contempt or in the event that she fails to appear at the hearing. Out of an abundance of caution and to eliminate any question as to the sufficiency of notice, Plaintiff respectfully requests that the Court authorize electronic service upon Orit Galapo via email delivery to "oritgalapo@yahoo.com" for service of the instant motion and all subsequent related pleadings, orders, and all filings, in addition to service via certified and regular U.S. mail to Ms. Galapo's acknowledged residence at 21218 Northeast 31st Place, Aventura, Florida 33180.

Respectfully Submitted this 22nd day of July, 2022.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Of Counsel, Ford Banister IP
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
Fax: +1 212-500-3269
lpittaway@fordbanister.com
*Attorney for Plaintiff*
